1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 | MAI CHANG, | ) Case No.: 1:10-cv-01097 JLT |
| 12 | Plaintiff, | ) ORDER TO SHOW CAUSE WHY THE ) ACTION SHOULD NOT BE DISMISSED |
| 13 | | ) |
| 14 | v. | ) |
| 15 | MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) |
| 16 | Defendant. | ) |
| 17 | _____ | ) |

18          Mai Chang ("Plaintiff") commenced this action against the defendant, Michael J. Astrue,

19   Commissioner of Social Security, on June 15, 2010. (Doc. 1).  The Court issued its Scheduling

20   Order on June 17, 2010. (Doc. 7).  The Social Security Administrative Transcript was filed on

21   October 28, 2010. (Doc. 11).  According to the Scheduling Order, the plaintiff should have served a

22   letter brief on defendant within thirty days of service of the administrative record, or by November

23   27, 2010. (Doc. 7 at 2).  Defendant was to respond with thirty-five days, or by January 1, 2011. *Id.*

24   Where the parties do not agree to a remand, an opening brief must be filed with the Court within

25   thirty days of service of the defendant's response. *Id*.  Therefore, Plaintiff's opening brief was due

26   by January 31, 2011.

27          In the Scheduling Order, the parties were notified that "the Court will allow a single

28   thirty (30) day extension of any part of [the] scheduling order by stipulation of the parties."

1

1   (Doc. 5 at 4).  Also, the parties were informed that, with the exception of the single

2   stipulation, any requests to modify the Scheduling Order must be made by written motion and

3   would only be granted for good cause.  *Id.*  Further, the parties were warned that violations of

4   the order may result in sanctions pursuant to Local Rule 110.  *Id.*  Notably, the parties have

5   not stipulated to extend deadlines, nor have requests have been made to the Court to modify

6   the Scheduling Order.

7        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

8   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of

9   any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have

10  inherent power to control their dockets," and in exercising that power, a court may impose sanctions

11  including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

12  (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

13  an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v.*

14  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

15  requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

16  1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,

17  1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

18       Accordingly, Plaintiff is ORDERED to show cause within TWENTY-ONE (21) days of the

19  date of service of this Order why the action should not be dismissed for failure to prosecute or to

20  follow the Court's Order.

21

22  IT IS SO ORDERED.

23  Dated:   **February 8, 2011**                                        **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28