1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAI CHANG, | ) | Case No.: 1:10-cv-01097-JLT |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION FOR |
| | ) | ATTORNEY'S FEES AND COSTS PURSUANT |
| v. | ) | TO THE EQUAL ACCESS TO JUSTICE ACT |
| | ) | |
| CAROLYN W. COLVIN, | ) | (Doc. 29) |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | )_ | |

Plaintiff Mai Chang seeks an award for attorney's fees and costs pursuant to the Equal Access for Justice Act pursuant to 28 U.S.C. §§ 1920 and 2412. (Doc. 24). The Acting Commissioner of Social Security ("Defendant") opposes the motion, asserting Defendant's position was substantially justified. (Doc. 25). For the following reasons, Plaintiff's motion for fees is **DENIED**.

## I.      Factual and Procedural History

Plaintiff filed an application for supplemental security income on April 18, 2005, which was denied by the Social Security Administration initially and upon reconsideration. AR at 19, 77. After requesting a hearing, Plaintiff testified before an administrative law judge ("ALJ") on July 2, 2007. *Id.* at 47. The ALJ determined Plaintiff was not disabled, and issued an order denying benefits on July 19, 2007. *Id.* at 19-25. Plaintiff's request for review by the Appeals Council of Social Security was denied, and the ALJ's determination became the final decision of the Commissioner on May 13, 2010.

On June 15, 2010, Plaintiff initiated this action for judicial review of the administrative decision denying her application for benefits.  (Doc. 1).  Plaintiff asserted the ALJ erred in evaluating the opinion of an examining physician, Dr. Hirokawa.  (Doc. 14 at 7-8).  According to Plaintiff, the ALJ misinterpreted the meaning of the word "fair" as used in the report, and failed to reject portions of Dr. Hirokawa's opinion in a proper manner.  *Id.*  The Court determined the definition of the word "fair" and evaluation of the opinion was proper.  (Doc. 18).  Accordingly, the Court denied Plaintiff's appeal of the administrative decision on April 7, 2011, and judgment was entered in favor of the defendant.  (Docs. 18-19).

Plaintiff appealed to the Ninth Circuit, asserting "the ALJ (1) misinterpreted the word "fair" in Hirokawa's report; and (2) provided an inadequate explanation for rejecting Hirokawa's finding that Chang had a "poor" ability to complete a normal workday or workweek without interruption."  (Doc. 25 at 2).  The Ninth Circuit determined Plaintiff's first contention was meritless, but found "the ALJ failed to state specific and legitimate reasons supported by the record for rejecting Hirokawa's findings."  *Id.* at 4.  Accordingly, the Court remanded the decision for reconsideration by the ALJ.  *Id.*

Plaintiff filed a timely application for EAJA fees on April 9, 2013.  (Doc. 29).  Defendant filed an opposition to the motion on May 23, 2013 (Doc. 34), to which Plaintiff replied on May 31, 2013. (Doc. 35).

## II.     Legal Standards

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action.  28 U.S.C. § 2412(d)(2)(H).

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).  The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In addition,

"[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *see also Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012) (explaining the Court has "interpreted the term substantial justification as describing a position that has a reasonable basis in both law and fact").

### III.    Discussion and Analysis

A claimant who receives a remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Plaintiff is a prevailing party because the Ninth Circuit ordered a remand of the matter for further proceedings. (Doc. 25). Defendant does not dispute that Plaintiff is a prevailing party for the purposes of an award of EAJA fees, but argues the position of the Commissioner was substantially justified. (Doc. 34).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). Defendant must show "the action or failure to act by the agency" was substantially justified. *Id.* In addition, Defendant must demonstrate the position taken in the civil action was substantially justified. *Id.* Thus, the Court must consider both the original action taken and the Commissioner's position in defense thereof. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). A finding that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Importantly, to determine whether fees should be awarded under the EAJA, the Court should consider only the issues upon which the decision was reversed and remanded. *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010) *cert. denied* 131 S. Ct. 2443 (2011). As noted above, the Ninth Circuit remanded this action upon finding "the ALJ failed to state specific and legitimate reasons supported by the record for rejecting Hirokawa's findings." (Doc. 25 at 4). The Ninth Circuit observed:

> The ALJ rejected Hirokawa's finding that Chang had a "poor" ability to complete a normal workday or workweek because, according to the ALJ, Hirokawa based this finding on Chang's "poor motivation." The Commissioner argues that what the ALJ intended to communicate with this delphic statement was that Hirokawa should have discredited Chang's subjective complaints because the ALJ himself found Chang not credible. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989) (ALJ may disregard a physician's opinion that is based on the claimant's subjective complaints where ALJ

3

has already properly discredited claimant's subjective complaints). But because we cannot engage in "*post hoc* rationalizations that attempt to intuit what the [ALJ] might have been thinking," *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009), we cannot affirm based on a rationale the ALJ never specifically articulated. Hirokawa concluded Chang's depression prevented her from completing a normal workweek, and found Chang was "open and honest" and did not seem to be "exaggerating symptoms." If the ALJ wishes to reject those findings, he himself must articulate specific and legitimate reasons for doing so.

The ALJ also concluded Hirokawa erroneously based his finding on "cultural differences," this statement is even less clear than the ALJ's statement about Chang's "poor motivation." Hirokawa did indeed find that Chang's difficulty performing cognitive tests during the evaluation might have been due to "cultural issues," but there is no support for the conclusion that Hirokawa based the particular finding at issue— Chang's poor ability to get through a workweek—on "cultural differences." *Cf. Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (ALJ referred to cultural tendencies because physicians themselves suggested those tendencies might explain a not credible claimant's symptoms).

(Doc. 25 at 3-4). Therefore, the Court must determine whether Defendant was substantially justified in defending this action based upon the ALJ's rejection of Dr. Hirokawa's opinion.

Defendant argues that this Court's affirmance of the administrative decision and partial affirmance by the Ninth Circuit demonstrates "that her position was reasonably based in law and fact." (Doc. 34 at 3) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). As Defendant notes, this Court found the ALJ gave specific and legitimate reasons for rejecting Dr. Hirokawa's opinion "that the claimant would have poor ability to complete a normal workday/workweek and deal with changes in a work setting." (Doc. 11 at 9) (quoting AR at 24). The Court observed: "[T]he ALJ noted Plaintiff 'has not received the type of medical treatment one would expect for a totally disabled individual.' Likewise, the ALJ determined that Dr. Hirokawa appeared to base his conclusion that Plaintiff had a 'poor' ability to complete a workday/workweek without interruption and deal with changes at work, on the her poor motivation and cultural differences." *Id.* Because the ALJ determined Dr. Hirokawa's opinion was founded upon Plaintiff's subjective complaints which lacked credibility, the Court found the ALJ properly rejected the opinion. *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Fair*, 885 F.2d at 605).

Notably, this determination was supported in the dissenting opinion issued by Senior Circuit Judge Kleinfeld, who opined: "The record allows for the interpretation that the claimant is unable to work, but also for the interpretation that she could do something like the work she did before she came

to the United States, on a farm, and prefers not to. Because the record as a whole could be read either way, we are required to accept the ALJ's decision."  (Doc. 26 at 1).  Judge Kleinfield observed, "Dr. Hirokawa does not clearly state that Chang is medically disabled," and "[h]e attributes Chang's limitations to 'limited education,' 'cultural issues' by which he seems to mean ignorance of things most Americans know (like what 'birds of a feather flock together' means), and depression."  *Id.* at 2-3.  Reviewing the evidence, Judge Kleinfeld found substantial evidence in the record supported the ALJ's determination, and opined the administrative decision should have been affirmed.  *Id.* at 3.

Although Plaintiff argues the ALJ's decision was "unreasonably defended" by Defendant, the fact that this Court and Judge Kleinfield found the opinion should be affirmed supports a finding that the ALJ's decision and the defense thereof by the Commissioner had a reasonable basis in law.  The Ninth Circuit has explained a position is substantially justified where "there is a dispute over which 'reason-able minds could differ.'"  *Gonzales*, 408 F.3d at 618 (9th Cir. 2005) (quoting *League of Women Voters of Cal. v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986)).  Because the ALJ's decision was affirmed by the District Court, partially affirmed by the Ninth Circuit, and there is a dissenting opinion regarding the remand, the Court finds the action taken by the ALJ and Commissioner's defense thereof were substantially justified.  *See Yang v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 51799 (E.D. Cal. Apr. 9, 2013).

## IV.     Conclusion and Order

Although Plaintiff was a prevailing party, Defendant has carried the burden of proof to demonstrate the position of the Commissioner was substantially justified.  *See Scarborough v*, 54 U.S. 403; *Gonzales*, 408 F.3d at 618.  Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for an award of attorney fees and costs under the Equal Access to Justice Act is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 5, 2013**                                  **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE